UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN D. FRAZIER, #379628,

    Plaintiff,

v.

    CASE NO. 2:19-CV-11248
    HON. GERSHWIN A. DRAIN

GLEN A. LINSLEY, et al.,

    Defendants.
_____/

# OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT AND DENYING THE MOTION FOR APPOINTMENT OF COUNSEL

## I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Alvin D. Frazier ("Plaintiff") raises claims arising from his vision care while confined at the Cotton Correctional Facility ("JCF") in 2018. He alleges violations of his Eighth Amendment, First Amendment, due process, and equal protection rights. In particular, he complains that he was not given new glasses despite a change in his vision and that he was not given tinted glasses/solar shields to protect his vision. Plaintiff names Dr. Glen A. Linsley, JCF, Corizon, Nurse Laura P. Davenport, Renyu Xue, Student Dr. Nathan C. Traxler, Nurse Practitioner Kristin A. Austin, Nurse Abigail Burk, Nurse Michelle Couling, and

JCF Healthcare Staff/Corizon Healthcare Providers as the defendants in this action. He sues the defendants in their official and personal capacities and seeks monetary damages and other appropriate relief. The Court has granted Plaintiff leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief,"

as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to dismissal. Plaintiff already filed a civil rights action against the same defendants for the same alleged constitutional violations, which was dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of Eleventh Amendment immunity. *See Frazier v. Lindsey, et al.*, No. 2:19-CV-10844 (E.D. Mich. April 11, 2019) (Gershwin, J). Plaintiff's current claims were previously raised and addressed in that prior case and may not be re-litigated under the doctrine of *res judicata* or claim preclusion. *See, e.g., Federated Dep't. Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003); *see also Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding summary dismissal of prisoner civil rights complaint based upon *res judicata* doctrine); *McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner action as frivolous given preclusive effect against similar claims raised in subsequent complaint).

Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the

merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The *res judicata* rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell*, 343 F.3d at 819. In this case, all four elements are present. The Court dismissed the prior action on the merits, Plaintiff is again suing the same defendants, this case involves the same claims and/or claims which should have been raised in the prior case, and Plaintiff brings the same cause of action under 42 U.S.C. § 1983. The instant action must thus be dismissed pursuant to the *res judicata* doctrine.

Moreover, even if Plaintiff's claims are not subject to dismissal on *res judicata* grounds, the Court finds that they must be dismissed for failure to state claims upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of Eleventh Amendment immunity, as explained in the Court's prior dismissal decision in Case No. 19-CV-10844.

### III.  CONCLUSION

Accordingly, for the reasons stated, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint pursuant to 28 U.S.C. §§

1915(e)(2)(b) and 1915A.  Given this determination, the Court also **DENIES** Plaintiff's motion for appointment of counsel.  Lastly, the Court concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.  No further pleadings should be filed in this matter.

    **IT IS SO ORDERED**.


Dated:    August 29, 2019
                                           s/Gershwin A. Drain
                                           HON. GERSHWIN A. DRAIN
                                           United States District Court Judge


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 29, 2019, by electronic and/or ordinary mail.

                                           s/Teresa McGovern
                                           Case Manager